# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-530V
UNPUBLISHED

| | |
|---|---|
| MICHAEL BLACKMON, <br><br>                 Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: January 10, 2022 <br><br> Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Emily Beth Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner.*

*Terrence K. Mangan, Jr., U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On April 29, 2020, Michael Blackmon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillan-Barré Syndrome (GBS) after receiving the influenza (flu) vaccination on December 5, 2018. Petition at 1. Petitioner further alleges that he received the vaccination in the United States, his injury lasted for more than six months, and that Petitioner has never received any compensation in the form of award or settlement for his vaccine-related injuries. Petition at 1, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 14, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c)

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Report at 1. Specifically, after reviewing the petition and medical records filed in this case, Respondent concluded that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation. *Id.* at 4. Respondent further agrees that the scope of damages to be awarded is limited to Petitioner's GBS and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master